JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EAGLEEYE INVESTMENT INC., <br><br> Plaintiff, <br><br> v. <br><br> KRYSTAL SMITH, et al., <br><br> Defendants. | Case No. CV 18-01434-MWF (RAOx) <br><br> **ORDER REMANDING ACTION AND DENYING REQUEST TO PROCEED IN FORMA PAUPERIS** |

## I.
## FACTUAL BACKGROUND

Plaintiff Eagleeye Investment Inc. ("Plaintiff") filed an unlawful detainer action in Los Angeles County Superior Court against Defendant Krystal Smith and Does 1 to 10 ("Defendants"), on or about January 18, 2018. Notice of Removal ("Removal") and Attached Complaint ("Compl."), Dkt. No. 1. Defendant Smith is allegedly a tenant of real property located in Los Angeles, California ("the property"). Compl. ¶¶ 3, 6. Plaintiff is the owner of the property. *Id.* at ¶¶ 2, 4. Plaintiff filed the unlawful detainer action demanding that Defendant quit and deliver up possession of the property. *Id.* at ¶¶ 7, 10. Plaintiff also seeks monetary damages. *Id.* at ¶¶ 10, 17.

Defendant Smith filed a Notice of Removal on February 21, 2018, invoking the Court's federal question jurisdiction. Removal at 2. Defendant also filed a Request to Proceed *In Forma Pauperis*. Dkt. No. 3.

## II.

## DISCUSSION

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and statute. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). It is this Court's duty always to examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Further, a "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Defendant asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441. Removal at 2. Section 1441 provides, in relevant part, that a defendant may remove to federal court a civil action in state court of which the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). Section 1331 provides that federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See id.* § 1331.

/ / /

Here, the Court's review of the Notice of Removal and attached Complaint makes clear that this Court does not have federal question jurisdiction over the instant matter under 28 U.S.C. § 1331. First, there is no federal question apparent from the face of the Complaint, which appears to allege only a simple unlawful detainer cause of action. *See Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D.Cal. Nov. 22, 2010) ("An unlawful detainer action does not arise under federal law.") (citation omitted); *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337-PA(DTBx), 2010 WL 234828, at *2 (C.D.Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim).

Second, there is no merit to Defendant's contention that federal question jurisdiction exists based on the Protecting Tenants at Foreclosure Act OF 2009 ("PTFA"). Removal at 2-8. The PTFA does not create a private right of action; rather, it provides a defense to state law unlawful detainer actions. *See Logan v. U.S. Bank Nat. Ass'n*, 722 F.3d 1163, 1164 (9th Cir. 2013) (affirming dismissal of the complaint because the PTFA "does not create a private right of action allowing [plaintiff] to enforce its requirements"). It is well settled that a "case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393, 107 S. Ct. 2425, 2430, 96 L. Ed. 318 (1987). Thus, to the extent Defendant's defenses to the unlawful detainer action are based on alleged violations of federal law, those defenses do not provide a basis for federal question jurisdiction. *See id.* Because Plaintiff's complaint does not present a federal question, either on its face or as artfully pled, the court lacks jurisdiction under 28 U.S.C. § 1331.

## III.
## CONCLUSION

Accordingly, IT IS ORDERED that this case is REMANDED to the Superior Court of California, County of Los Angeles, forthwith.

IT IS FURTHER ORDERED that Defendant's Request to Proceed *In Forma Pauperis* is DENIED as moot.

IT IS SO ORDERED.

DATED: February 27, 2018

_____
MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE

Presented by:

_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE